IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2001

## STATE OF TENNESSEE v. RANDALL KEITH SMITH

**Direct Appeal from the Circuit Court for Henry County**
**No. 12999      Julian P. Guinn, Judge**

---

**No. W2000-02596-CCA-R3-CD - Filed September 6, 2001**

---

The Appellant, Randall Keith Smith, appeals from the denial of his motion to suppress evidence seized in his residence during the execution of a search warrant. A written "motion to suppress" was filed with the clerk on the day prior to Smith's scheduled trial for drug charges. On the date of trial, following the close of all proof in the case, Smith's trial counsel orally moved to suppress the evidence seized as a result of the search, based upon the grounds recited in the written motion. The trial court denied the motion, finding that (1) there was no factual basis to support suppression; and (2) the motion was untimely. The jury found Smith guilty of manufacturing methamphetamine, a class C felony, and he received a three-year community corrections sentence. After review, we find the Appellant's suppression motion untimely. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Rosella M. Shackelford, Paris, Tennessee, for the Appellant, Randall K. Smith

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On January 19, 2000, Henry County Deputies William David Archie and Adam Killion drove to the Appellant's residence for the purpose of obtaining the Appellant's signature on a forfeiture receipt. Officer Archie explained that the purpose for his presence at the Appellant's residence was because

> I had arrested a Jeffrey Neese two or three days prior to this. And I was seizing a vehicle that belonged to Mr. Smith for Mr. Neese being revoked in Tennessee for DUI and, also, for a drug seizure. And I had to obtain a signature for receipt.
>
> . . .
>
> I had to have a statement from Mr. Smith that he knew what was going on with the vehicle.

Officer Archie related that, on this occasion, Neese was arrested on charges of driving on a revoked license, felony evading arrest and possession of methamphetamine.

Upon arrival at the Appellant's residence, the door was answered by Neese. The officers asked to speak with the Appellant. Neese closed the door and proceeded to get the Appellant, who was also inside the residence. At this time, the officers smelled ammonia. When the Appellant appeared at the door, the officers requested permission to enter the residence in order to fill out the paperwork concerning the forfeiture receipt. The Appellant agreed and allowed the officers inside. Once inside, the odor of ammonia was even stronger. Also, Officer Archie testified that he observed an empty jar in the kitchen. Officer Archie suspected that the individuals were involved in illegality, based upon the ammonia odor, the empty jar, and the prior arrest of Neese for methamphetamine possession two days previously. Additionally, Officer Killion observed a jar with white residue and a smoking bong in one of the bedrooms. This information was relayed by Officer Archie to another deputy and, based upon these facts and other known information concerning the Appellant and Neese's involvement in drug activity, a warrant was obtained to search the Appellant's residence. Officers Archie and Killion remained at the residence while the search warrant was being obtained.

Officers arrived on the scene with a search warrant approximately three hours later and a search of the Appellant's residence was conducted. The officers found, in addition to 7.06 grams of methamphetamine, numerous articles used in the manufacturing of methamphetamine.

**Procedural History**

On March 6, 2000, the Appellant and Jeffrey Neese were indicted by a Henry County Grand Jury for manufacturing methamphetamine. The Appellant was arraigned on this charge on March 13, 2000, and, after being found indigent, the public defender's office was appointed to represent him. On this date, a scheduling order was entered by the trial court which directed that the last date for filing pre-trial motions was March 23, 2000. As no "settlement" of the case was reached, the case was scheduled for trial on July 3, 2000. On June 12, 2000, substitution of counsel was entered. In order to accommodate substituted counsel's schedule, the trial date was continued until July 13, 2000. On July 12th, Appellant's trial counsel filed a motion to suppress the evidence seized as a result of the search, alleging that the deputies' entry into the Appellant's residence was made without permission or authority and, as such, the warrant was invalid. On July 13th, the case proceeded to trial. Following the close of all proof in the case, but prior to closing arguments, the Appellant moved to suppress the evidence, which had already been

introduced before the jury. The trial court denied the motion, holding that (1) there was no factual basis to support it; and (2) the motion was untimely filed.

## Analysis

On appeal, the Appellant argues that the trial court committed reversible error when it "failed to permit the pretrial motion of suppression to be argued even though such motion was not timely filed." Denial of the motion was based upon (1) the trial court's holding that the motion's filing date violated the scheduling order; and (2) the motion was without merit. The untimely presentation of the motion violated Rule 12(b)(3) of the Tennessee Rules of Criminal Procedure which requires that a "motion to suppress evidence" must be raised prior to trial. See also State v. Davidson, 606 S.W.2d 293, 295 (Tenn. Crim. App. 1980). "Prior to trial" means sometime earlier than the day of the trial. State v. Hamilton, 628 S.W.2d 742, 744 (Tenn. Crim. App. 1981); Tenn. R. Crim. P. 12, Note 3. The failure to pursue a motion to suppress "prior to trial" constitutes waiver unless good cause is shown for the failure to move for suppression in a timely manner. Tenn. R. Crim. P. 12(f); Hamilton, 628 S.W.2d at 744; State v. Zyla, 628 S.W.2d 39, 41 (Tenn. Crim. App. 1981); Davidson, 606 S.W.2d at 295.

The rationale underlying Rule 12's requirement that a motion to suppress be raised "prior to trial", as stated by this Court in Feagins v. State, 596 S.W.2d 108 (Tenn. Crim. App. 1979), is:

> It avoids interrupting a trial in progress with auxiliary inquiries which break the continuity of the jury's attention and it avoids inconveniencing jurors and witnesses by requiring them to stand by idly while the court hears a motion to suppress. The practice prevents mistrials from the jury's exposure to unconstitutional evidence. It is to the advantage of both the prosecution and defense to know prior to trial whether certain items will or will not be admitted into evidence. Granting the pre-trial motion might result in abandonment of the prosecution; if the pre-trial motion is denied, then the defendant may either plead guilty and gain whatever concession might be obtained from the State, or change his trial strategy.

> Further, the consideration of a motion to suppress after the beginning of the trial can adversely affect the State's right to appeal an adverse ruling. When a pre-trial judgment is adverse to the State, the State's right to appeal is preserved. Jeopardy attaches when a jury is sworn. This prevents an appeal by the State from judgment suppressing evidence rendered after the beginning of a trial. Id. at 110; See Davidson, 606 S.W.2d at 296.

Thus, not only do we find that the motion to suppress was untimely for failure to raise it "prior to trial", but we also find that the motion was untimely because it did not comply with the scheduling order of the trial court. "The court may, at the time of the arraignment or as soon thereafter as practicable, set a time for the making of pretrial motions or requests and, if required, a later date of hearing." Tenn. R. Crim. P. 12(c). Failure to comply with the time set by the trial

court constitutes waiver, but the trial court may grant relief from waiver for "cause shown." Tenn. R. Crim. P. 12(f). In this case, no threshold showing of good cause for the Appellant's failure to make a timely motion is shown or even suggested. Accordingly, the Appellant's Fourth Amendment argument was procedurally defaulted.

## CONCLUSION

We hold that the trial court did not err in ruling the Appellant's motion to suppress was untimely filed. Pursuant to the Tennessee Rules of Criminal Procedure, a motion to suppress must be raised "prior to trial." Furthermore, the motion was untimely because it did not comply with the trial court's scheduling order. Accordingly, the judgment of the Henry County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE